UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON C BENJAMIN, | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-01198 |
| | § | |
| BAYTOWN POLICE DEPARTMENT, *et al*, | § § | |
| Defendants. | § § | |

## ORDER

Before the Court is City of Baytown, Officer Marshall Pigg, Officer Cody Dodson, Officer Jeremy Stevens, and Jailer Jesse Gutierrez's ("Defendants'") Motion to Dismiss (Doc. #25), Plaintiff's Response (Doc. #26), and Defendants' Reply (Doc. #27). Having considered the arguments and applicable law, the Court grants Defendants' Motion in part, and denies it in part.

**I. Background**

This case arises out of the arrest and detention of the Plaintiff Brandon C. Benjamin ("Benjamin") on January 23, 2015. Benjamin was arrested for suspicion of Driving Under the Influence, and taken to the City of Baytown Jail for booking. During his arrest, Benjamin informed the arresting officer, Officer Pigg, that he has a hearing disability for which he wears hearing aids. As part of Benjamin being processed by jail personnel, his hearing aids were removed. Benjamin was then placed in a holding cell. Benjamin later asked Jailer Gutierrez for his hearing aids back and if he would be allowed to make a phone call. Benjamin states that Gutierrez would not accommodate his requests. Benjamin alleges that at this point Gutierrez and Officer Dodson began to give him instructions, but because he did not have his hearing aids in he was unable to understand the instructions. Benjamin alleges that because he could not hear, the officers assumed he was not being compliant. It was at this point that Benjamin alleges Gutierrez

and Officer Dodson forcibly removed him from his cell. Benjamin states that when he was being led to a different cell, Gutierrez and Officer Dodson began to strike him on the head with their fists and eventually another officer, Officer Stevens, used a taser on him. Benjamin alleges he lost consciousness and was injured from the force used against him by the officers and the jailor. Due to his injuries, paramedics were called and Benjamin was transported to a hospital for evaluation. Benjamin alleges that he sustained serious injuries from this incident.

Benjamin now brings claims against the Defendants for violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. Additionally, Benjamin pleads violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, and § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.* Finally, Benjamin asserts state torts claims of negligence. Defendants now move to dismiss all of Benjamin's aforementioned claims under Fed. R. Civ. P. 12(b)(6), and Tex. Civ. Prac. & Rem. Code § 101.106.

## II. Analysis

### a. Statute of Limitations

Benjamin's Original Complaint was filed on January 20, 2017, three days before the two year period of limitations ran. In the Original Complaint, the Defendant officers were listed as "Officer Marshall Pigg and 'Officer John Doe.'" Doc. #1 at 1. Approximately seven months later, on July 10, 2017, Benjamin filed his First Amended Complaint adding Officer Cody Dodson, Officer Jeremy Stevens, and Jailer Jesse Gutierrez in place of "Officer John Doe." Doc. #24 at 1. Benjamin argues that the names of the three officers were not known at the time he filed suit, that the additional Defendants reasonably should have known they would be part of the lawsuit, and that a strict application of the statute of limitations which would result in a

dismissal, specifically the rules pertaining to relation back and equitable tolling, would be unjust. Doc. #26 at 2, 6. The law in the Fifth Circuit is clear pertaining to when an amended complaint can relate back to the date of the original complaint under Fed. R. Civ. P. 15(c). This circuit has specifically addressed whether substituting named parties for a "John Doe" relates back to the original filing date. In *Jacobsen v. Osborne*, the Fifth Circuit held that an amendment changing the name of a party relates back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification. 133 F.3d 315, 320 (5th Cir.1998). The court further explained that in cases where a John Doe defendant is named, this does not constitute a mistake in identifying the correct defendant for the purposes of relating back. *Id.* at 320–21. Accordingly, Benjamin's addition of the three officers does not relate back to the original filing date and the statute of limitations as to these three officers has expired.

Benjamin argues that equitable tolling is appropriate. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995) (citing *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1965)). However, equitable tolling only applies when the party seeking relief has an "adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Lambert*, 44 F.3d at 299. When delay in determining the identity of a John Doe defendant is attributable to the plaintiff, there is no justification for equitable tolling. *See Green v. Doe*, 260, Fed. App'x 717, 719 (5th Cir. 2007). The Fifth Circuit, in *Balle v. Nueces County*, handled a similar factual scenario to Benjamin's case concerning the statute of limitations and substitution of named defendants for John Doe defendants. 690 Fed. App'x 847 (5th Cir. 2017). In *Balle*, the court did not allow equitable tolling because the plaintiff's "inability to determine the identities of the [John Does] before the limitations period had run was attributable to his own

decision to file his suit so close to the end of the limitations period." *Id.* at 851. Because Benjamin chose to file suit three days before the end of the prescriptive period, failure to ascertain the identities of the three additional officers is attributable to Benjamin's own choice. Therefore, there is no justification to apply the doctrine of equitable tolling in this case. Accordingly, Benjamin's claims against Officer Dodson, Officer Stevens, and Jailer Gutierrez are barred by the statute of limitations.

### b. Remaining 42 U.S.C. § 1983 Claims

Defendants argue that Benjamin's remaining claims should be dismissed for failure to state a plausible claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). First, Defendants argue that the Eighth Amendment is not the proper constitutional amendment for pre-trial detainees to assert their rights. It is the Due Process Clause that provides the appropriate constitutional basis for determining whether a detention official's use of deliberate force on such a detainee is excessive. *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993). Though the Eighth Amendment is not the proper constitutional basis for a pretrial detainees claims, the Fifth Circuit explained in *Hare v. City of Corinth*, that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human rights, including medical care and protection from harm, during their confinement." 74 F.3d 633, 650 (5th Cir. 1996). Accordingly, the Court acknowledges that Benjamin's § 1983 claims alleging Eighth Amendment violations are inappropriate. However, Benjamin's claims for violation of the Fourteenth Amendment are appropriate to the situation before the Court.

Additionally, Defendants argue that Benjamin has not pled a plausible claim against the City of Baytown under 42 U.S.C. § 1983. Though a plaintiff suing a municipality must do more

than plead the elements of municipal liability, "only minimal factual allegations should be required at the motion to dismiss stage." *Thomas v. City of Galveston*, 800 F.Supp.2d 826, 843 (S.D.Tex. 2011). Benjamin has pled more than a threadbare recital of a 42 U.S.C. § 1983 claim against the city. To plead a plausible failure-to-train claim, a plaintiff must allege facts that allow the court to draw the reasonable inference that: (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy. *Valle v. City of Houston*, 613 F.3d 536, 544 (5th Cir. 2010) (citations omitted). Based upon the facts pled concerning the removal of Benjamin's hearing aids and events that occurred thereafter, the Court finds that Benjamin pled sufficient facts to state a plausible claim for relief against the City of Baytown for failure to train officers on handling and responding to detainees with physical disabilities.[1]

### c. State Tort Claims

The Defendants argue that Benjamin's negligence claim should be dismissed under the election of remedies provision found in Tex. Civ. Prac. & Rem. Code § 101.106. If an action brought under the Texas Tort Claims Act ("TTCA") is brought against both "a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Therefore, the negligence claim against the remaining individual officer, Officer Pigg, is dismissed.

---

[1] As the Defendants point out, to the extent Benjamin is arguing that a § 1983 claim arises from any alleged deprivation of a right guaranteed under the ADA or RA, such a claim is inappropriate. *See Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999). However, the Court does find that Benjamin plead a plausible ADA and RA claim separate from his 42 U.S.C. § 1983 claim. *See Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000) (stating once an arrestee is secured and there is no threat to human safety, officers would be "under a duty to reasonably accommodate [Benjamin's] disability . . .".).

Additionally, there is a presumption of sovereign immunity for Texas governmental entities if the entity has not consented to waiving its immunity. *Dallas Area Rapid Transit v. Whitely*, 104 S.W.3d 540, 542 (Tex. 2003). The TTCA waives municipal liability for the negligent conduct of public servants acting within the scope of their employment, if such negligence arises from the operation or use of motor-driven vehicles or equipment, or from a defective condition or use of real or tangible personal property, and if under the circumstances a private person would be liable under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 101.021(1)–(2). Benjamin has not plead a plausible claim for negligence whereby the City of Baytown's immunity would be waived. Accordingly, the Court grants Defendants' Motion to Dismiss Benjamin's negligence claim against the city.

## III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. #25) is GRANTED as to the claims against Officer Dodson, Officer Stevens, and Jailer Gutierrez, as to the Eighth Amendment claims against all Defendants, and as to the state tort claim of negligence against all Defendants. The Motion to Dismiss is DENIED as to the 42 U.S.C. § 1983, ADA, and RA claims against the City of Baytown.[2]

It is so ORDERED.

FEB 2 1 2018

Date

The Honorable Alfred H. Bennett
United States District Judge

---

[2] Because Officer Pigg was not involved in the use of force incident at the jail, there is no viable § 1983 claim alleged against him. The ADA and RA claims apply to "public entities," not officers in their individual capacity. Pursuant to this Order, there are no claims remaining against Officer Pigg. Therefore, Officer Pigg is hereby dismissed from this case as a Defendant.

6